STATE OF OHIO EX REL. RICHARDSON V. DALTON, BLOOM ET AL.

1. PLEADING IN MANDAMUS.
    In mandamus, the petition is under section 6743, Rev. Stat.; the pleading in the case of relators, instead of the writ as formerly.

2. PETITION MADE MORE DEFINITE AND CERTAIN.
    This petition may, on motion, be required to be made more definite and certain.

COX, J.

In this case, objection is made by the defendants that the writ of mandamus does not contain all the facts necessary to make a proper case, and it is claimed that neither the petition, nor affidavit can be used to supplement the writ; that the petition is no part of the pleadings.

Numerous decisions of the Supreme Court are cited to us to sustain their view. Undoubtedly, this was the law at the time those decisions were rendered; but the code adopted in 1880, left out the former provision, that the "writ and answer shall contain the whole pleadings" (Rev. Stat., 6743), and provided that the application for the writ must be by petition in the name of the state, on the relation of the person applying, and verified by affidavit (Rev. Stat., 6747). The writ shall be issued by the clerk of the court, and shall contain a copy of the petition, certificate and order of allowance.

This statute, therefore, makes the verified petition, the pleading on the part of the relator, and requires that the petition, affidavit and order of allowance shall be embodied in the writ, thus making the writ simply a medium through which the petition, affidavit and order are conveyed to the notice of the defendants.

It is to the petition that we are now to look for what may be necessary averments to sustain the action, and what was formerly necessary to be in the writ as a pleading in the case, must now form part of the petition, and be copied into the writ and served on the defendant.

A motion has been made by defendants to require the relator to make his pleading more definite in several particulars, by stating the facts on which he relies.

The Supreme Court has decided in numerous cases that the pleading must contain a statement of all the facts necessary to justify the order sought for by the proceedings. (McKenzie v. Ruth, 22 O. S., 371.)

" The writ shall not lie to compel an officer to do an act which it is claimed the law enjoins on him, unless the existence of all the facts necessary to put him in default be shown." (Cincinnati College v. LaRue, Auditor, 22 O. S., 469.)

" When the form of statement is more general than allowable by good pleading, advantage may be taken of it by motion to make the recitals more definite and certain." Fornoff v. Nash, 23 O. S., 355.

It is claimed by defendants, that the petition is defective in that it states mere legal conclusions, and not facts, upon which an issue can be made and tried

by the court. The relator denies this, and claims that he has set forth facts which are traversable, and to which the defendants are bound to answer.

The first objection is to the allegation of the relator, that he, with three others on the same ticket, was elected by a plurality of the legal votes over and above all other candidates for the same office.

This objection we think not tenable. It is stated by way of inducement, and as showing the right of the relator, as a candidate having a majority of votes, to bring himself into court; and the simple allegation of a claim that he was elected would be sufficient, without going into the details of the election, by setting out, as claimed by the defendants, the number of votes he obtained, and the wards and precincts in which he obtained them, and how many, and where his opponent obtained his.

The next charge against the defendant is, " that they have wholly failed to canvass and abstract the returns of said election according to law."

This statement, we think, is not sufficiently definite. It is not the assertion of facts, but the conclusion to be drawn from facts to be proved. If an issue were made upon it by a general denial by defendants, the relator, to sustain the averment, would have to prove certain specific facts, from which the court would draw the conclusion whether the action of the clerk, in the premises, were legal or illegal. The relator should set forth the facts upon which he bases the averment.

'In the case of Ingerson v. Berry, 14 O. S., 315, although no controversy seems to have been made in that case, an application was made by a mandamus to compel the clerk and justices to abstract certain votes which they had rejected, and in the petition they very properly, as we think, set forth the facts. Now, here is a part of the petition:

"That between said second Tuesday of October and the 12th of November, 1863, there were returned to said Berry, as clerk aforesaid, which office he then and still holds, the poll-books and votes of 271 voters and qualified electors of Wyandot county, who, at the time of said election, were in the actual military service of the United States, and absent from the townships of their residence; that the said 271 votes were given and returned for the office of sheriff, of which number of votes, Ingerson, the relator, received 223, and Marlow 48; that said votes were given on said second Tuesday of October, at elections held and conducted according to the laws of this state, and that the poll-books and returns of said elections were certified and returned in strict accordance with the forms and provisions of the laws of this state," etc.

It is claimed that the defendants have canvassed and abstracted a large number of votes which do not appear on the legal returns of the election made to the clerk.

This statement we regard as too general. There are 206 election precincts in this county. It is not claimed by the relator that this defect applies to all of them. If to only a part, he should specify the returns to which the exception is taken.

The same objection will apply to the next paragraph, where the relator states that the defendants have canvassed and abstracted, as legal returns from certain precincts in the city of Cincinnati, a large number of votes which are not a part of the legal returns of said precincts.

We think these precincts should be named, and the facts stated on which it is claimed they do not form a part of the legal returns.

So, also, in the next paragraph, where it is said defendants have canvassed and abstracted returns of precincts in the fourth, ninth, eighteenth and nineteenth wards, which returns are illegal and not true and lawful returns, the facts should be set out which are claimed to constitute them illegal.

And, also, in the next paragraph, where it is charged defendants "refused to make a canvass and abstract of the votes cast and returned," the relator should state the precincts in which said returns were refused to be canvassed and ab-

stracted, and such facts as would show that the returns so refused were legal returns, and were illegally rejected.

Mr. Bateman—I would like to state the fact that we have not access to the records, by reason of which we could not state with more definiteness than simply a general statement of what the facts are.

The Court—If you cannot arrive at them, you can give the reasons why you cannot. If the facts which are necessary to be stated in the petition are within the knowledge of the clerk, you will be permitted to have access, in his presence, to the papers which he has, and to examine them.

Leave was given the relator to make his petition more definite and certain, according to the instructions of the court, until Wednesday, October 28, 10 A. M.

The court remarked that the statement of Mr. McDougall on Monday that the clerk had accepted returns to the Duckworth Club, presented to him several days after the election and ordered to be copied by him and then accepted as legal returns, would, for instance, be a specification sufficiently definite and certain.

Following is the entry of the court allowing relators to have access to the poll-books and sheets:

"Circuit court, State of Ohio, on the relation of James C. Richardson, 169. Entry:

"On motion of the relator, it appearing that an inspection of returns, papers and abstracts, now in the hands of said defendant, is necessary to enable the relator to amend his petition in accordance with the order of the court this day made, it is ordered that Daniel J. Dalton, clerk of this court, allow to Edward F. Noyes, Warner M. Bateman, Drausin Wulsin and Thomas McDougall, counsel for relator, an inspection and permission to take copy of any and all returns and papers claimed to be returns from the various voting precincts of this county, for the election held October 13, 1885, and also permission to inspect such abstract or canvass of so many of the votes shown as he and the justices named may have made and abstracted, such inspection to be made in the presence of said clerk, one of his deputies and such of his counsel as he may desire; to all of which defendants except."

(It was agreed by counsel on both sides that the petition in all the cases should be amended as required by the court, and that one service should be accepted as sufficient for all.)

(Counsel for relators inspected the tally-sheets and poll-books later in the day.)